UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,                 **REPORT AND RECOMMENDATION**

               Plaintiff,

    v.                                      1:21-cv-990(JLS)(JJM)

MARY DALEY,
             Defendant
_____


      The government commenced this action pursuant to 31 U.S.C. § 3711(g)(4)(C),

seeking to obtain a money judgment against defendant Mary Daley for unpaid penalties assessed

against her related to her failure to report interest earned through her accounts in foreign banks.

*See* Complaint [1][1].

      Before the court is the government's motion for default judgment [6] pursuant to

Fed. R. Civ. P. ("Rule") 55, which has been referred to me by District Judge John L. Sinatra Jr.

for initial consideration [7]. Having considered the government's submissions [6, 9], I

recommend that the government's motion be granted.


## BACKGROUND

      From 2006 through 2013, Daley held accounts in multiple foreign banks that

together totaled greater than $10,000. A person "with an interest in foreign financial accounts

having an aggregate value of more than $10,000 is required each year to file [a Report of Foreign

Bank and Financial Accounts, known as] an FBAR." United States v. Kahn, 5 F.4th 167, 169 (2d

_____

[1]     Bracketed references are to the CM/ECF docket entries, and page references are to the CM/ECF pagination
(upper right corner of the page).

Cir. 2021); *see also* 31 U.S.C. § 5314. Failure to file the FBAR form results in a penalty of $10,000.  31 U.S.C. § 5321(5)(A) ("The Secretary of the Treasury may impose a civil money penalty on any person who violates, or causes any violation of, any provision of section 5314") and (B)(i) ("the amount of any civil penalty imposed under subparagraph (A) shall not exceed $10,000).

Daley did not file the required FBAR forms. Complaint [1], ¶ 8.  Under 31 U.S.C. §5321(7)(b)(1), the government has six years to assess a penalty for failure to file an FBAR. Pursuant to 31 U.S.C. §5321(7)(b)(2), the government may commence a civil action to recover an unpaid penalty up to 2 years from the date the penalty was assessed.  Daley, or her authorized representative, signed agreements extending to December 31, 2020 the IRS's time to assess penalties. Id., ¶10.

On September 16, 2019, the government assessed penalties against Daley for her non-willful failure to timely submit FBAR forms for tax years 2006 through 2012. Id., ¶ 11.  The government also assessed a penalty for her willful failure to timely submit an FBAR form for 2013. Id. The penalties remain unpaid.  *See* Troy Declaration [6-2], ¶ 4; Supplemental Troy Declaration [9-1], ¶ 5.

The government commenced this action on September 2, 2021, seeking to recover the unpaid penalties, plus interest and other amounts allowed by statute.  *See* Complaint [1] at 4 ("the plaintiff United States of America requests . . . [j]udgment against defendant, Mary Daley, in the amount of $85,714.48, plus statutory additions and interest accruing from and after August 19, 2021"). Daley failed to respond after being properly served.  *See* Primeaux Declaration [4-1], ¶¶ 3-4. The Clerk entered Daley's default on December 22, 2021 [5], and the government now moves for default judgment.  Despite having been served with the motion and with the

government's supplement to its motion, Daley has still failed to respond. *See* Certificates of Service [6-4, 9-3]; *see also* Text Order [10] ("[d]efendant may respond to plaintiff's motion [6] for default judgment and supplemental declaration [9] on or before September 16, 2022").

## DISCUSSION

### I.    Default Judgment

The party requesting a default judgment must first obtain a Clerk's Entry of Default. Under Rule 55(a), this is secured by "demonstrating, through affidavit or in some other manner, that the opposing party is at default." Rochester Laborers' Welfare - S.U.B. Fund v. Journee Construction, Inc., 305 F. Supp.3d 444, 446 (W.D.N.Y. 2018). Once that has been entered, "the Court will accept as true the allegations that establish the defendant's liability". Id.

After obtaining a Clerk's Entry of Default, the moving party can seek a default judgment. Fed. R. 55(b). The decision to grant a motion for default judgment is "left to the sound discretion of the district court." Shah v. New York State Department of Civil Service, 168 F.3d 610, 615 (2d Cir. 1999). In determining whether a default judgment should be granted, the court considers (1) whether the default was willful, (2) whether defendant has meritorious defenses, and (3) any prejudice the non-defaulting party may suffer. *See* Pecarsky v. Galaxiworld.com Ltd., 249 F.3d 167, 171 (2d Cir. 2001).

### a.    Willfulness

A defendant's failure to respond must be "more than merely negligent or careless" to be considered willful. S.E.C. v. McNulty, 137 F.3d 732, 738 (2d Cir. 1998). After proper service, failure to appear or to respond demonstrates willfulness. Id. at 739; *see also* U.S. v.

Myers, 236 F. Supp.3d 702, 707 (E.D.N.Y. 2017) (finding defendant's failure to appear and to respond to the amended complaint and default judgment motion demonstrated willfulness).

Here, Daley was properly served with the Complaint and the motion. *See* Affidavit of Service [3]; Certificates of Service [6-4, 9-3]. In addition, the court mailed her copies of the Clerk's Entry of Default and its Text Order providing her an opportunity to respond to the motion. *See* [5] ("[c]opy mailed to [p]ro-se [d]efendant"); [10] ("[t]his was mailed to Mary Daley at 4601 Winding Woods Lane, Hamburg, NY 14075"). Daley has not taken any action. Accordingly, pursuant to McNulty and Myers, I find Daley's default to be willful.

### b. Meritorious Defenses

"[W]here a defendant fails to answer the complaint, a court is unable to make a determination whether the defendant has a meritorious defense to the plaintiff's claims, which circumstance weighs in favor of granting a default judgement." Krevat v. Burgers to Go, Inc., 2014 WL 4638844 at *6 (E.D.N.Y. 2014). Since Daley did not answer the Complaint or respond to the motion for default judgment, this court "must assess whether Plaintiff's allegations, accepted as true, demonstrate [defendant's] liability as to each of Plaintiff's causes of action." American Builders & Contractors Supply Co. Inc. v. CR1 Contracting, LLC, 2021 WL 4466352, *5 (W.D.N.Y. 2021). Accepting all allegations in the Complaint as true, the following facts are admitted:

    1.    Daley had interests in foreign bank, securities, and other financial accounts and the aggregate balance of each foreign account exceeded $10,000 at some point during each of the 2006-2013 calendar years (Complaint [1], ¶¶ 3-6);

    2.    Daley was required to, but did not, report to the United States her interest in the foreign bank accounts by submitting the required FBAR reports (id., ¶¶7-8);

3.      Daley consented to extend the FBAR penalty assessment statute of limitation for all calendar years at issue here (id., ¶ 10);

4.      The Secretary of Treasury assessed penalties against Daley on or about September 16, 2019 pursuant to 31 U.S.C. § 5321 in the amount of $75,683 (id., ¶¶ 11-12).

These allegations support the government's claim.

### c.  Prejudice

Finally, the court must consider the "level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." American Builders, 2021 WL 4466352, *7. "Denying this motion would be prejudicial to the Government as there are no additional steps available to secure relief in this Court." Myers, 236 F.Supp.3d at 709. Here, as in Myers, denial of this motion would leave plaintiff with no ability to recover the unpaid penalties and interest.

Because all three factors weigh in the government's favor, I recommend that a default judgment be entered against Daley.

## II.    Damages

"Once a default is established for the purpose of liability, a plaintiff still must prove damages. . . . The only question remaining, then, is whether the Government has provided adequate support for the relief sought." Myers, 236 F.Supp.3d at 709.  "A court may make a damages determination upon a review of detailed affidavits and documentary evidence." American Builders, 2021 WL 4466352 at *8.

The govenment submitted two declarations to support its claim for damages: the Troy Declaration [6-2] and the Supplemental Troy Declaration [9-1].  Troy is an FBAR Penalty Coordinator with the U.S. Internal Revenue Service.  Troy Declaration [6-2], ¶ 1.  As part of her

regular duties, Troy accesses and reviews IRS records of FBAR penalties as they relate to specific individuals. Id., ¶ 2. To determine the current balance of Daley's liabilities, Troy accessed both the IRS FBAR database and Daley's account on the Bureau of the Fiscal Service's Cross Servicing Next Generation ("CSNG") system. Troy Supp. Dec. [9-1], ¶ 3. The CSNG system calculates interest aon debts entered into the system by FBAR penalty coordinators and shows collections costs related to the debt. Id., ¶ 3.

On or about September 28, 2019, Daley received notice of the penalties assessed against her by letter dated September 19, 2019. Supplemental Troy Declaration [9-1], ¶ 4, Exhibit A [9-1] at 4-10 (certified mail receipt and copy of the September 19, 2019 letter). Troy's review of the FBAR database and CSNG showed that, as of August 17, 2022, Daley had an unpaid balance of $75,683 in FBAR penalty assessments, $2,204.14 interest, and $12,996.12 in late payment penalties pursuant to 31 U.S.C. §§ 3717(e)(2), totaling $90,883.26. Id., ¶ 5, Exhibit B [9-1] at 12-13 (printout of CSNG system confirming the amounts stated in Troy's Declaration).

Based upon Troy's Declaration and her Supplemental Declaration, including the attached documentation, I find that the government has provided adequate support for the damages it seeks. See Myers, 236 F.Supp.3d at 710 (finding information included in the declaration of the IRS revenue officer "adequate support" for the damages sought).

'

**CONCLUSION**

For these reasons, I recommend that this court grant the government's motion in its entirety and direct the clerk of the court to enter a default judgment against Daley in the amount of $90,883.26. I also recommend that this court award the government be any additional

late payment fees, pre-judgment interest, and post-judgment interest accruing at the applicable statutory rate, until paid.

Unless otherwise ordered by Judge Sinatra, any objections to this Report and Recommendation must be filed with the clerk of this court by October 18, 2022. Any requests for extension of this deadline must be made to Judge Sinatra. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek, 838 F. 2d at 58; Thomas v. Arn, 474 U.S. 140, 155 (1985). Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: October 4, 2022

JEREMIAH J. MCCARTHY
United States Magistrate Judge